**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY**

**CLEVON DOUGLAS MURRAY,**

**Movant,**

**v.** **Case No. 5:16-cv-06099**
**Case No. 5:11-cr-00213**

**UNITED STATES OF AMERICA,**

**Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's *pro se* Motion for Relief under the Johnson/Welch Cases as to the Armed Career Criminal Act (ECF No. 86), which is docketed only in the criminal action, and his Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 88). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

On September 20, 2011, Movant, Clevon Douglas Murray (hereinafter "Defendant") was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1). A superseding indictment was filed on October 11, 2011, which simply altered the date of the offense. (ECF No. 14).

On February 1, 2012, Defendant pled guilty, pursuant to a written plea agreement, to the charge in the superseding indictment. (ECF Nos. 41-43). Defendant's plea

agreement included agreements pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that a sentence of 70 months on the instant offense, as well as a consecutive 24-month sentence on a supervised release revocation from a prior offense, was appropriate, but non-binding on the District Court. (ECF No. 42 at 4-6). The plea agreement also contained a waiver of appeal and collateral attack concerning any claims other than ineffective assistance of counsel. (*Id.* at 5).

According to his Presentence Investigation Report ("PSR"), Defendant's Guideline base offense level was 24, because he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. *See* USSG § 2K2.1(a)(2). Defendant also received a three-level reduction under USSG § 3E1.1 for acceptance of responsibility. Thus, his total offense level was determined to be 21, with a criminal history category of V, because he had 11 criminal history points.

On June 28, 2012, Defendant was sentenced to 70 months in prison, followed by a three-year term of supervised release. (ECF No. 67 at 2). Defendant's sentence was further ordered to run consecutive to a supervised release revocation sentence of 24 months in Case No. 5:03-cr-00096. (*Id.*) Defendant's appeal of his conviction and sentence to the United States Court of Appeals for the Fourth Circuit was dismissed as untimely on November 5, 2014. (ECF No. 82). A Mandate issued on December 1, 2014. (ECF No. 85).

On May 18, 2016, Defendant filed a *pro se* Motion for Relief under the Johnson/Welch Cases as to the Armed Career Criminal Act (ECF No. 86). On July 7, 2016, the presiding District Judge entered an Order and Notice construing Defendant's motion as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and advising Defendant to inform the court in writing by August 1, 2016, of whether he had

any objection to such construction. (ECF No. 87). The Clerk re-docketed the motion contained in ECF No. 86 as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 88). On July 20, 2016, Defendant agreed to the characterization of his motion as one brought under section 2255. (ECF No. 92).

Defendant's motion states in pertinent part:

> This Notice to the court that on this day, the Petitioner (Defendant) gives notice under the guidelines of the United States Federal Sentence structure of 2015-16 that the (defendant) received an unfair enhancement under the clause of 924 which placed the petitioner in a[n] unfair prodictment [predicament?] that affected substantial rights under Due Process and *Mullaney v. Wilbur*, 421 U.S. 697, 698 (1975) (citing *Winship*) where the Supreme Court has made clear beyond peradventure that due process extend to the degree to determination that [go] not to a defendant guilt or innocence but simply to the length of his sentence.
>
> * * *
>
> In the case at hand, the Judicial inquisition needs to come in line with the U.S. Supreme Court decision in 2015 ruling in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015) that the provision of 924 was unconstitutional vague is retroactive on collateral review, that applys [sic; applies] to this case and court under the U.S. Supreme Court decision held April 18, 2016, *Welch v. United States*, 2016 BL [WL?] 120401, U.S. no. 15-6418.
>
> * * *
>
> Here the (defendant] Petitioner has demonstrated an entitlement of relief via motion to reverse or remand, which the court can construe as a 2255 or 2255(f)(3) if the courts find this more plausible, absent the 18 U.S.C. 924(a)(2) the sentence would reflect the proper sentence also the case is in need of re-sentencing in light of new condition of supervised release on grounds stated herein.
>
> Under the District Circuit case laws it is well settled that a defendant can bring action to the sentence of supervised release, probation terms that if sentence today would receive 2 yrs probation term which would be reasonable and also I am (defendant) not a violent offender and I humbly hope the court understands my concerns.

(ECF No. 88 at 1-3).

Thus, Defendant's section 2255 motion appears to be asserting that he is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process.[1] On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA, and therefore was a substantive, rather than a procedural, decision. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

Because it is evident that Defendant is not entitled to any relief on his section 2255 motion, the undersigned has not ordered a response by the United States of America. The undersigned will address each of Defendant's claims in the Analysis section.

## ANALYSIS

### A. Defendant is not entitled to any relief under *Johnson/Welch*.

The court can quickly dispose of Defendant's claim that he is entitled to relief under the Supreme Court's decisions in *Johnson* and *Welch*. Defendant was not sentenced

---

[1] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable . . . by imprisonment for a term exceeding one year . . . that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added). Subsection (i) is known as the "elements" or "force" clause. The first part of subsection (ii) is known as the "enumerated offense" clause. The emphasized portion of subsection (ii) is known as the "residual" clause.

under the ACCA. He pled guilty to being a felon in possession of a firearm under 18 U.S.C. §922(g)(1) and was subject to a maximum sentence of 10 years under 18 U.S.C. §924(a)(2). He did not receive any enhancement under 18 U.S.C. § 924(e)(2), which was the focus of the *Johnson* and *Welch* decisions.

Rather, Defendant's motion could be centered around the determination that his base offense level under USSG § 2K2.1(a)(2) should be increased to a level 24 because he was found to have two prior felony convictions for either a crime of violence or a controlled substance offense. However, Defendant's two prior felony convictions that appear to implicate this determination were controlled substance offenses upon which the decisions in *Johnson* and *Welch* have no bearing.

Additionally, the issue of *Johnson*'s application to challenges of enhancements under the United States Sentencing Guidelines has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA[,] . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

Therefore, in light of *Beckles*, any argument that the holding in *Johnson* also invalidates any portion of the United States Sentencing Guidelines as being void for vagueness lacks merit. *See also United States v. Brown*, 868 F.3d 297 (4th Cir. 2017)

(*Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to ACCA's invalidated residual clause).

Additionally, Defendant agreed to his 70-month sentence in his written plea agreement and he waived any collateral attack, unless it was based on ineffective assistance of counsel, which he has not raised herein. (ECF No. 42 at 4-5). Accordingly, he is bound by his agreements and the representations he made during his guilty plea hearing. Finally, because *Johnson* is inapplicable to Defendant's claims, his section 2255 motion is otherwise untimely, as it was filed more than one year after his Judgment became final. *See* 28 U.S.C. § 2255(f)(1).

**RECOMMENDATION**

For all of the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's *pro se* Motion for Relief under the Johnson/Welch Cases as to the Armed Career Criminal Act (ECF No. 86) and his Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 88), and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to

which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

September 17, 2018

Dwane L. Tinsley
United States Magistrate Judge